UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:26-CR-137-KAC-JEM |
| | ) | |
| DAVID HUMBERTO ORTIZ-GARCIA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO REVOKE DETENTION ORDER**

Before the Court is Defendant David Humberto Ortiz-Garcia's Motion to Revoke Magistrate Judge's Detention Order [Doc. 14]. For the reasons below, the Court denies Defendant's Motion [Doc. 14].

## I. Background

Defendant is a citizen of Honduras, not a United States citizen, who has been found in the United States multiple times without lawful authorization [*See* Doc. 14 at 2]. For example, in 2002, law enforcement encountered Defendant "near Hebbronville, Texas," detained him, and removed him to Honduras [*See* Doc. 1 at 2]. Undeterred, in May 2011, law enforcement encountered Defendant again, this time near "Lake Charles, Louisianna," and removed him to Honduras [*Id.*]. And in 2019, law enforcement encountered Defendant in the "Sevier County Jail" in Tennessee and removed him to Honduras [*Id.* at 3]. "On or about September 1, 2026, at or near Blount County, Tennessee" law enforcement encountered defendant in the United States a fourth time [*See* Doc. 8 at 1]. On September 16, 2026, the Grandy Jury indicted him for one count of illegal reentry, in violation of 8 U.S.C. § 1326(a) [*Id.*].

Defendant has an active Immigration and Customs Enforcement ("ICE") detainer in place [*See* Amended Pretrial Services Report ("PTR") at 3].[1] He says that when arrested, he was living in Sevierville, Tennessee with his partner and adult daughter [*Id.* at 1]. He has been with his partner "since 2004" [*Id.*]. By Defendant's own count, he had been at that residence for a year at the most [*Id.* at 2]. Defendant lived with four other individuals whose names "[h]e was unable to provide" [*Id.*]. He is "unsure in these individuals 'are lawfully in the United States'" [*Id.*]. And he is self-employed in the construction industry [*Id.*]. His parents and one brother reside in Honduras [*See* PTR at 1].

After a hearing, [*see* Doc. 10], the Honorable United States Magistrate Judge Debra C. Poplin ordered that Defendant be detained pretrial, [*see* Doc. 12]. Defendant appealed the detention order to the undersigned under 18 U.S.C. § 3145(b) [Doc. 14]. The United States opposed [Doc. 16].

## II. Analysis

If a magistrate judge orders a defendant detained pending trial, the defendant "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the [detention] order." 18 U.S.C. § 3145(b). The district court must generally review the magistrate judge's order de novo and may do so without holding a further hearing. *See United States v. Marcrum*, 953 F. Supp. 2d 877, 880 (W.D. Tenn. 2013), *aff'd*, No. 13-6008 (6th Cir. Nov. 1, 2013); *United States v. Romans*, No. 00-5456, 2000 WL 658042, at *1 (6th Cir. May 9, 2000). Here, both Parties recognize that the undersigned need not hold another hearing [*See* Doc. 14 at 1, 16 at 2]. And the undersigned agrees that no further hearing is necessary.

[1] The PTR was made available to all Parties and is on file with the Court.

18 U.S.C. § 3142 governs the release or detention of a defendant pretrial. Under Section 3142(f)(2), the Court must "hold a hearing to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community" "upon motion of the attorney for the Government or upon the judicial officer's own motion in a case" that "involves (A) a serious risk that such person will flee." 18 U.S.C. § 3142(f)(2).

Here, the United States met its burden to show that this case involves a "serious risk" that Defendant "will flee." *See* 18 U.S.C. § 3142(f)(2). Defendant is not an American Citizen [*See* PTR at 1]. Setting aside the present charge, he has entered this country in violation of U.S. law at least three (3) times before, and each time he was removed to Honduras [*See* Doc. 1 at 1-2; PTR at 3]. But neither U.S. law nor physical removal was enough to keep Defendant out of the United States. This time around, he is subject to criminal prosecution with significant potential penalties [*See* Doc. 8]. *See also* 8 U.S.C. § 1326. And Defendant has an active ICE detainer in place and would likely be deported upon a conviction [*See* PTR at 3]. He also has family who remain in Honduras, which may present the means to flee [*See id.* at 1]. This combination of factors, well beyond just "the elements of the offense and its consequences," [*see* Doc. 14 at 1], presents a "serious risk" that Defendant will flee.

Then, under Section 3142(e), the Court must order pretrial detention if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required." 18 U.S.C. § 3142(e)(1)[2]. The United States "must prove risk of flight by a

[2] Judge Poplin also analyzed "the safety of any other person and the community" under Section 3142(e). But the undersigned need not address that alternative basis for detention because the United States has met its burden on nonappearance. And that is sufficient alone to deny the appeal.

preponderance of the evidence." *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). Although the factors are not a precise fit, the Court considers "the nature and circumstances of the offense charged, (2) the weight of the evidence against the defendant, (3) the defendant's history and characteristics, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release." *See United States v. Wagner*, 187 F.4th 372, 378 (6th Cir. 2026) (cleaned up).

The United States has met its burden. ***First***, the nature and circumstances of the offense charged suggest a straightforward risk of nonappearance. Defendant is charged with illegal reentry and has an active ICE detainer [*See* Doc. 8 at 1; PTSR at 3]. He is not a citizen of the United States and is allegedly not authorized to be in the United States [*See* PTSR at 1]. He will likely be deported to Honduras if convicted. But he has a partner of over twenty years here [*Id.* at 1]. He has illegally reentered the United States on at least three prior occasions [*See id.* at 3]. And even by his estimate, which differ from the United States's, he may serve a term of imprisonment if convicted [*See* Doc. 14 at 9]. The potential for a felony conviction also creates an incentive to flee. Combined, these facts create a significant risk of nonappearance.

***Second***, the weight of the evidence of Defendant's risk of nonappearance is strong. *See* 18 U.S.C. § 3142(g)(2). This second factor only goes to the likelihood of Defendant's nonappearance; it "is not a pretrial determination of guilt." *See United States v. Cobix-Espinoza,* 655 F. Supp. 3d 584, 595 (E.D. Ky. 2023); *United States v. Foster*, No. 20-5548, 2020 WL 6791572, at *2 (6th Cir. July 20, 2020). Defendant has a documented history of disobeying U.S. laws [*See* PTR at 3]. Even setting aside the allegations in the Indictment, after being removed previously, Defendant was still able the reenter the United Staes at least twice—showing both the willingness and skill to evade the law and law enforcement detection. And while in the United

States illegally, Defendant committed several offenses, evidencing a wiliness to break the law [*See id.*]. And Defendant has family in Honduras. The United States has shown motive and means to flee—all Defendant would need is an opportunity.

***Third***, Defendant's history and characteristics cut against him too. The Court has already detailed Defendant's history of evading and refusing to comply with the law, and the Court will not repeat it here. Defendant relies on the presence of his partner and adult daughter in the U.S. to seek to undo the magistrate judge's order [*See* Doc. 14 at 15-16]. But he has left the Country without them at least twice before [*See* PTR at 3]. To be sure, the Court's analysis under Section 3142 is distinct from the analysis that would apply for removal under the Immigration and Nationality Act. *See United States v. Veloz-Alonso*, 910 F.3d 266, 270 (6th Cir. 2018). But Defendant's history of failing to follow the law and illegally reentering the United States suggests an unwillingness to follow the law and weighs against his release. *See Cobix-Espinoza*, 655 F. Supp. 3d at 595.

***Last***, because the Court relies on the risk of nonappearance to support detention, it is unclear how "danger" maps onto the legal inquiry. *See* 18 U.S.C. § 3142(g)(4). But defendant has committed state crimes while in the United States illegally [*See* PTR at 2].

Defendant proposes conditions of release that he believes would mitigate the risk that he would not appear [*See* Doc. 14 at 16]. But Defendant's past willingness to violate federal law and evade law enforcement suggests that he would not comply with conditions that this Court imposed. *See United States v. Cornish*, 449 F. Supp. 3d 681, 684 (E.D. Ky. 2020) ("almost any conditional release ultimately depends on a court's assessment of a defendant's good faith intentions and predicted compliance with conditions imposed"). This record is not undone by Defendant's self-professed "desire to remain in the United States" or decision to "return[] to the

same Sevier County community" "[a]fter each removal" [*See* Doc. 14 at 7, 10]. In fact, Defendant's desire to remain in the United States appears to be the impetus for his unlawful actions. And paradoxically, avoiding prosecution may allow him to remain in the United States longer, albeit unlawfully. At bottom, the proposed conditions would not "reasonably assure the appearance of such person as required." *See* 18 U.S.C. § 3142(e)(1).

## III. Conclusion

For the reasons above, the Court **DENIES** Defendant David Humberto Ortiz-Garcia's Motion to Revoke Magistrate Judge's Detention Order [Doc. 14].

SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge